State *v.* Wise.

THE STATE *v.* JAMES WISE.

CRIMINAL LAW. *Perjury. Indictment.* In an indictment for perjury, which is assigned upon the swearing of the defendant as a witness in a criminal case, it need not be alleged that the case in which the false swearing occurred was by indictment or presentment; it is sufficient if it avers that the court had jurisdiction of the issue.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

ATTORNEY-GENERAL LEA for the State.

W. L. LEDGERWOOD for Wise.

McFARLAND, J., delivered the opinion of the court.

This indictment charges the defendant with perjury, which is assigned upon his swearing as a witness "in a certain lawsuit or trial wherein the State of Tennessee was plaintiff and Thomas Gilson was defendant, pending before the Criminal Court of the district of Knox county, * * which said suit or trial was within the jurisdiction of said court, * * in which trial it became material to enquire whether Thomas Gilson was guilty of carrying a pistol under the laws of the State of Tennessee."

The cause of demurrer, which was sustained by the court, was, that the indictment does not show whether the cause against Gilson, in the Criminal Court

State *v.* Wise.

of Knox county was by indictment or presentment. In *Steinston* v. *The State,* 6 Yer., 531, the omission of the indictment to charge that the matter of traverse for assault and battery in which the false swearing occurred, was by presentment or indictment, was fatal— the court saying that it did not necessarily appear from the indictment that the court had jurisdiction of the issue. It is to be observed that in the present case, while the indictment does not show whether the case pending against Gilson was by indictment or present- ment, it does in terms aver that the court had juris- diction of the cause.

The law upon this subject has been (since the case of *Steinston* v. *The State*), materially changed by the Code. It is sufficient to charge the facts in ordinary and concise language, without prolixity or repetition. Code, 5114. In an indictment for perjury it is not necessary to set forth the pleadings, records or pro- ceedings with which the oath is connected; it is suf- ficient to give the substance of the controversy or matter in respect to which the offense was committed, in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with proper allegations of its falsity. Code, 5129, 5130.

Under these provisions, we think the indictment is sufficient, it being averred that the court had jurisdiction of the case against Gilson in which the false swearing is alleged to have occurred.

Reverse the judgment.